UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2006 OCT 25  PM 2: 30
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Case No. CR406-256 |
| ) | |
| MAYICO ALPHONSO GOLDEN ) | |
| a/k/a MAJICO GOLDEN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a motion to dismiss the indictment, a motion that he concedes the Court must deny because it rests upon a jurisdictional argument previously rejected by controlling authority in this circuit. The Court should oblige defendant and deny his motion.

Defendant is charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), which makes it an offense for a person with a felony record to "possess in or affecting commerce[] any firearm . . . ." Although recognizing that Eleventh Circuit precedents "hold otherwise," defendant argues that this Court lacks jurisdiction over the subject matter of this action because "Congress' power under the

Commerce Clause is not so broad as to extend to the mere *intrastate* possession of a firearm by a convicted felon." Doc. 10 (emphasis added). From his review of the discovery produced by the government, defendant infers that the prosecution is based solely on his possession in Georgia of a .22 caliber rifle that was manufactured outside this state, for nowhere does the government allege or the discovery establish that defendant transported the weapon across state lines or otherwise purchased or received the weapon from out of state. Despite binding circuit court authority rejecting his argument that Congress lacks the power to criminalize the mere possession of a firearm that previously traveled in interstate commerce, defendant points out that the Supreme Court has not considered whether § 922(g) presents Commerce Clause problems in light of its decision in United States v. Lopez, 514 U.S. 549 (1995) and other recent cases. Defendant indicates that he simply wishes to preserve the issue for possible appeal.

As defendant recognizes, his argument is foreclosed by numerous post-Lopez decisions from the Eleventh Circuit which have consistently held that Congress did not exceed its Commerce Clause powers in enacting

18 U.S.C. § 922(g).  United States v. Peters, 403 F.3d 1263, 1277 (11th Cir. 2005); United States v. Scott, 263 F.3d 1270, 1272 (11th Cir. 2001); United States v. Reynolds, 215 F.3d 1210, 1215 (11th Cir. 2000); United States v. Nichols, 124 F.3d 1265, 1266 (11th Cir. 1997); United States v. Chisholm, 105 F.3d 1357, 1358 (11th Cir. 1997); United States v. McAllister, 77 F.3d 387, 389-90 (11th Cir. 1996).  These decisions remain binding precedent in this circuit, and this Court has no alternative but to follow them.  Accordingly, defendant's motion to dismiss must be DENIED.

**SO REPORTED AND RECOMMENDED** this 25TH day of October, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA